IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT L. PRESCOTT, *et al.*,          *
                                        *
        Plaintiffs,                     *
                                        *
vs.                                     *          CIVIL ACTION NO. 18-00301-B
                                        *
PETE WOLFF, *et al.*,                   *
                                        *
        Defendants.                     *

## ORDER

This action is presently before the Court[1] on the motion for summary judgment filed by Defendants the City of Evergreen, Mayor Pete Wolff, and the City Council of the City of Evergreen (Docs. 29, 30), the motion for summary judgment filed by Defendant Robert Skipper (Docs. 45, 46), the motion for summary judgment filed by Defendant Al Etheridge (Docs. 69, 70), Plaintiffs' response and evidentiary materials in opposition thereto (Docs. 38, 39, 51, 73), and Defendants' replies and evidentiary materials in support thereof.[2] (Docs. 42, 75, 76, 77). Also pending before the Court

---

[1] The parties consented to have the undersigned conduct any and all proceedings in this case. (Docs. 35, 53, 64). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 66).

[2] The motions were originally filed as motions to dismiss; however, the Court converted Defendants' motions to dismiss to motions for summary judgment after providing the parties with notice and an opportunity to present briefs and materials in support of and in opposition to the motions. (Doc. 54).

are Plaintiffs' motion to amend the complaint (Doc. 43) and Defendants the City of Evergreen, Mayor Pete Wolff, and the City Council of the City of Evergreen's motion to stay discovery. (Doc. 31). These motions have been fully briefed and are ripe for resolution.[3]

## I.  INTRODUCTION

This case arises from a series of failed business dealings between Plaintiffs and Defendants in relation to Plaintiffs' efforts to open a cabinet making facility in Evergreen, Alabama during the August 2013 through May 2015 time frame. (Doc. 25 at 3-8). Plaintiffs Robert Prescott, Robert Miller, Evergreen Wood Products, LLC, and Evergreen-Miller Products, LLC, set forth a long and winding account of meetings between the parties, agreements, disagreements, and ultimately a complete breakdown in negotiations related to the proposed project. (Id.). According to Plaintiffs, the negotiations deteriorated to the point that they were turned away from a City Council meeting in March 2015 without being given the opportunity to speak, and then an altercation took place between Plaintiff Miller and Defendant

_____

[3] To date, Plaintiffs have not served Defendants Conecuh County Commission or the Industrial Development Board, nor have they requested additional time within which to do so.  Therefore, Plaintiffs' claims against these Defendants are **DISMISSED**.  The Court notes, however, that the statute of limitations defense, discussed at length herein, would bar Plaintiffs' federal claims against these Defendants as well.

2

Skipper in May 2015 involving the brandishing of a gun.  (Id.).

In their amended complaint, Plaintiffs assert thirteen claims against Defendants, the City of Evergreen, Mayor Pete Wolff, Robert Skipper, the City Council of the City of Evergreen, and Al Etheridge as Chairman of the Industrial Development Board, based on Defendants' alleged misconduct from August 2013 to May 2015 related to the parties' failed business negotiations.  (Doc. 25). Those claims are: Count One, against Defendant Wolff, pursuant to 42 U.S.C. § 1983, asserting violations of Plaintiffs' rights under the First and Fourteenth Amendments for denying Plaintiffs the right to speak at the March 2015 City Council meeting; Count Two, against Defendants the City of Evergreen and the City Council, pursuant to 42 U.S.C. § 1983, asserting violations of Plaintiffs' rights under the First and Fourteenth Amendments for denying Plaintiffs the right to speak at the March 2015 City Council meeting; Count Three, against Defendants Wolff, the City of Evergreen, and the City Council, pursuant to 42 U.S.C. § 1983, asserting violations of Plaintiffs' due process rights under the Fifth and Fourteenth Amendments for denying Plaintiffs their right to speak at the March 2015 City Council meeting; Count Four, against Defendants Skipper and Etheridge, pursuant to 42 U.S.C. § 1983, asserting violations of Plaintiffs' rights under the Fourteenth Amendment for depriving Plaintiffs of their liberty interests by confiscating Plaintiffs' personal items located in

the Gerber building on December 26, 2013; Count Five, against the City of Evergreen, asserting a claim for breach of contract; Count Six, against Defendant Skipper, asserting a claim for breach of implied or quasi contract; Count Seven, against Defendant Wolff, pursuant to 42 U.S.C. § 1983, asserting a violation of Plaintiffs' rights under the Fourteenth Amendment for failing to properly supervise Defendant Skipper; Count Eight, against all Defendants, asserting a claims for common law fraud; Count Nine, against all Defendants, asserting a claim for fraudulent inducement and fraudulent concealment; Count Ten, against all Defendants, asserting a claim for "infliction of emotional distress in contract;" Count Eleven, against all Defendants, asserting a claim for "commercial disparagement;" Count Twelve, against all Defendants, asserting a claim for "tortious interference with prospective business relations;" and Count Thirteen, against Defendant Skipper, asserting a claim for assault and battery.[4] (Doc. 25 at 7, 9-23).

---

[4] The amended complaint contains a passing reference to 42 U.S.C. §§ 1981 and 1985. (Doc. 25). However, Plaintiffs do not seek relief under these statutes, nor do they allege race discrimination or a conspiracy to deprive them of their constitutional rights. (Id.). Moreover, Plaintiffs do not provide any facts or develop any arguments under the statutes in their briefing submitted in opposition to Defendants' motions for summary judgment. Accordingly, to the extent that the amended complaint could be construed as including a claim under §§ 1981 or 1985, those claims are hereby **DISMISSED**.

## II.  RELEVANT UNDISPUTED FACTS

As stated, in the amended complaint, as well as their briefing and documents submitted in opposition to Defendants' motions for summary judgment, Plaintiffs provide a lengthy chronological account of the events surrounding their proposed opening of a cabinet making facility in an empty warehouse (referred to as the Gerber Building) in Evergreen, Alabama, and Defendants' alleged misconduct related thereto.[5]  Significantly, Plaintiffs aver that the project began in the summer of 2013 and *ended* in May of 2015, when Defendant Skipper delivered the "final blow" to the ill-fated project by pulling a gun on Plaintiff Miller.  (Doc. 25 at 3-8).

Specifically, Plaintiffs state that, in 2013, Defendant Skipper contacted Plaintiffs Miller and Prescott about opening a cabinet making business in Evergreen and introduced Miller to Defendant Mayor Wolff and to Defendant Etheridge, the chair of the Industrial Development Board ("IDB").  (Doc. 25 at 4).  Thereafter, as an inducement to Miller to locate his business, Evergreen Wood Products, LLC ("EWP"), to Evergreen, Skipper proposed a package which included transfer of ownership of the Gerber Building to EWP, equipment guarantees, and loan advancements from the IDB, the

---

[5] All reasonable doubts about the facts have been resolved in favor of the non-moving parties.  See Information Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002); Priester v. City of Riviera Beach, 208 F.3d 919, 925 n.3 (11th Cir. 2000). ("[T]he 'facts,' as accepted at the summary judgment stage of the proceedings, may not be the 'actual' facts of the case.").

City, and Conecuh County.  (Id.).  Based on these inducements, Miller abandoned another business opportunity in Piedmont, Alabama.  (Id. at 5).  In September of 2013, EWP and the IDB entered into a non-binding letter of intent, and Plaintiffs Miller and Prescott began working with Skipper to obtain funding for the project.  (Id.).  Miller and Prescott continued working to obtain funding until December 19, 2013, when the County held a public hearing regarding the project.  (Id. at 7).  On December 26, 2013, the IDB, through its attorney, locked Plaintiffs out of the Gerber Building, resulting in the loss of Plaintiffs' personal property. (Id.).  Notwithstanding, in March 2014, the City, IDB, and EWP attempted to restructure the financing of the project so that the project could move forward.  Due to continued delays, Plaintiffs lost their funding source, and EWP's Memorandum of Understanding with the City and the IDB expired in August 2014.  (Id. at 7-8). The IDB, through Defendant Etheridge, continued to try to move forward with the project, and Plaintiffs secured a new source of funding, namely Gaffney Funding, LLC.  (Id.).  However, in February 2015, Defendants ceased communication with Plaintiffs.  (Id.).  In an effort to obtain information, Plaintiffs went to the Evergreen City Council meeting in March of 2015, but they were not allowed to speak.  (Id.).  In May of 2015, the "final blow" to the project occurred when Defendant Skipper pulled a gun on Plaintiff Miller. (Id.).

### III. PROCEDURAL HISTORY

Plaintiffs instituted this action on July 6, 2018, by filing their initial complaint against Defendants. (Doc. 1). On October 16, 2018, Plaintiffs filed an amended complaint. (Doc. 25). Defendants, the City of Evergreen, the City Council, and Wolff, filed a motion to dismiss the amended complaint on October 23, 2018, as well as a motion to stay discovery. (Docs. 29, 30, 31). On November 20, 2018, Plaintiffs filed a motion for leave to file a second amended complaint. (Doc. 43). On November 26, 2018, Defendant Skipper filed a motion to dismiss Plaintiffs' amended complaint. (Doc. 45). On January 31, 2019, Defendant Etheridge filed a motion to dismiss Plaintiffs' amended complaint. (Doc. 69).

As previously noted, Defendants' motions to dismiss were converted into motions for summary judgment. Also pending is Plaintiff's motion for leave to file a second amended complaint. The motions have all been fully briefed and are now ripe for resolution.

### IV. SUMMARY JUDGMENT STANDARD

Summary Judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986);

see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) ("[S]ummary judgment is appropriate even if '*some* alleged factual dispute' between the parties remains, so long as there is 'no *genuine* issue of *material* fact.'" (citation omitted) (emphasis in original)).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

When faced with a properly supported motion for summary judgment, the burden shifts to the non-movant to show the existence of a genuine issue of material fact.  Id.  A plaintiff may not simply rest on the allegations made in the complaint, but must instead, as the party bearing the burden of proof at trial, come forward with at least some evidence to support each element essential to her case at trial.  Anderson, 477 U.S. at 248 ("[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleading but . . . must set forth specific facts showing that there is a genuine issue for trial.").  Summary judgment is mandated in the absence of such a showing. Celotex Corp., 477 U.S. at 322; see also Webb v. Ocwen Loan Servicing, LLC, 2012 U.S. Dist. LEXIS 167079, *4-5, 2012 WL 5906729, *1 (S.D. Ala. Nov. 26, 2012) ("[a]

8

moving party is entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.") (quoting In re Walker, 48 F.3d 1161, 1163 (11th Cir. 1995); and Celotex Corp., 477 U.S. at 323) (internal quotation marks omitted)).

"[A]t the summary judgment stage, the judge's function is not [herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" Sawyer v. Southwest Airlines Co., 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (quoting Anderson, 477 U.S. at 251-52); see also LaRoche v. Denny's Inc., 62 F. Supp. 2d 1366, 171 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

## V. DISCUSSION

As discussed, Plaintiffs' amended complaint alleges thirteen claims against Defendants: five federal claims under § 1983 for violations of Plaintiffs' rights to free speech and due process under the First, Fifth, and Fourteenth Amendments (Counts I, II, III, IV, and VII) and eight state law claims (Counts V, VI, VIII,

IX, X, XI, XII, and XIII).    (Doc. 25 at 9-23).  For the reasons
set forth herein, Defendants' motions for summary judgment are
**GRANTED** on Plaintiffs' federal claims, as they are barred by the
applicable two-year statute of limitations, and the Court declines
to exercise supplemental jurisdiction over Plaintiffs' remaining
state law claims.

### A. <u>Untimeliness of Plaintiffs' Federal Claims</u>.

In this case, Plaintiffs assert that, between the summer of
2013 and May of 2015, Defendants Wolff, the City of Evergreen, the
City Council, Skipper, and Etheridge violated their rights to free
speech and due process under the First, Fifth, and Fourteenth
Amendments by confiscating Plaintiffs' personal property located
in the Gerber building in December 2013, by denying Plaintiffs the
opportunity to speak at a City Council meeting in March 2015, and
by Defendant Wolff failing to properly supervise Defendant Skipper
in May 2015.  (Doc. 25 at 3-8, 16).  Plaintiffs allege five federal
claims for these violations against these Defendants pursuant to
42 U.S.C. § 1983.  (<u>Id.</u>).

Defendants counter that all of Plaintiffs' § 1983 federal
claims are time-barred, as the last date of any alleged misconduct
on the part of Defendants related to these claims occurred in May
of 2015; yet, Plaintiffs did not file their action until July 6,
2018, long after the two-year statute of limitations had expired.
Plaintiffs acknowledge in their brief that the issue of the statute

of limitations "must be disposed of first." (Doc. 73 at 5). The Court agrees.

The law is clear that, in § 1983 federal lawsuits, "federal courts are to borrow the general or residual statute of limitations for personal injuries provided under the law of the state where the court hearing the case sits." Bracy v. City of Prichard, Ala., 2017 U.S. Dist. LEXIS 185907, *6, 2017 WL 5196609, *2 (S.D. Ala. 2017) (quoting Lufkin v. McCallum, 956 F.2d 1104, 1106 (11th Cir. 1992) and Owens v. Okure, 488 U.S. 235, 236, 249-50 (1989) (internal quotation marks omitted)). "Personal injury actions in Alabama must be brought within two years." Bracy, 2017 U.S. Dist. LEXIS 185907 at *6, 2017 WL 5196609 at *2 (quoting Ala. Code § 6-2-38(l)(internal quotation marks omitted)). "Therefore, the statute of limitations for § 1983 actions in Alabama is two years from when the claim accrues." Id. (quoting Brown v. Fountain, 2017 U.S. Dist. LEXIS 110559, *15-16 (Ala. S.D. July 13, 2017) (citations and internal quotation marks omitted); Ala. Code § 6-2-38(l)).

Plaintiffs do not dispute that the statute of limitations for their § 1983 claims is two years. Rather, apparently in an attempt to counter their admission that Defendants' "final blow" to the project occurred in May 2015 (more than two years before Plaintiffs filed suit), Plaintiffs present a bewildering assortment of documents ostensibly intended to show misconduct on the part of

Defendants that occurred within the two-year period before Plaintiffs filed suit on July 6, 2018. (Doc. 1).

Specifically, Plaintiffs have submitted a bond statement prepared in February 2017 which, Plaintiffs argue, shows that Defendants participated in and made multiple misrepresentations, including a reference to Evergreen Wood Products as "the third largest employer in the county;" a listing of retail establishments that were never going to locate in the City of Evergreen; and a misstatement regarding liability for lawsuits against the City.[6] (Doc. 73 at 9-11; Doc. 73-1). In addition, Plaintiffs submitted documents that ostensibly show that the City failed to provide federally required financial disclosure reports for the years 2008-2016, as referenced in an affidavit by the former city clerk, Mary Jackson. In the affidavit, Jackson states that Defendant Wolff told her that he did not need to file financial disclosure reports and did not wish that kind of information to be released to the public.[7] (Doc. 73 at 9-12; Doc. 73-1 at 4; Doc. 73-4 at

---

[6] Plaintiffs state that this bond statement was provided by "the collective defendants" to a bond attorney, who provided it to an outside auditor, who forwarded it to a bond brokerage firm, who in turn offered the bonds in the open bond market where they were sold to investors all across the United States. (Doc. 73 at 9-10).

[7] Ms. Jackson further explained that she spoke with an individual at Merchant Capital who told her that Merchant Capital would handle the reporting. (Doc. 73-4 at 1).

1). Plaintiffs also submitted an auditor's report dated August 2016 for Evergreen-Conecuh Capital Improvement Cooperative District. The report covers the period ending September 30, 2015, and states that the auditors found that the financial statements "present[ed] fairly, in all material respects, the respective financial position of the governmental activities and each major fund of the District. . . ." (Doc. 73-2 at 1-2). Plaintiffs also submitted a document dated September 18, 2016, entitled "the Evergreen Plan." The document appears to be a "to do" list from an unidentified source. Plaintiffs argue that based on the document, one "could rightfully assume that the project was going to be completed." (Doc. 73 at 15; Doc. 73-8 at 1). Plaintiffs also submitted documents ostensibly showing that the City's credit ratings were negatively impacted by its failure to file required federal reports; that, in June 2015, Merchants Capital was fined by the SEC for due diligence failures, which Plaintiffs argue were still ongoing when Merchants acted as bond broker for the City of Evergreen in 2017, and that from 2012 to 2017, the political and racial climate in the City of Evergreen, as well as the City's unemployment rate were not good. (Doc. 73 at 12-19; Doc. 73-6 at 2; Doc. 73-5 at 1; Doc. 73-10). Taking the foregoing evidence as true, Plaintiffs have failed to show the significance of any of this evidence with regard to the pivotal issue of whether their federal claims are time barred. Indeed, the significance of said

evidence is lost on the Court.

In sum, having reviewed the pleadings and the evidence submitted by the parties related to the timeliness of Plaintiffs' federal claims, the following facts are undisputed: Plaintiffs seek relief under § 1983 for deprivation of their rights under the Fourteenth Amendment by Defendants Skipper and Etheridge in *December 2013,* when those Defendants allegedly confiscated Plaintiffs' personal items located in the Gerber building, and for Defendant Wolff failing to properly supervise Defendant Skipper at that time and in *May 2015.* (Doc. 25, Counts I, II, III, IV, and VII). Plaintiffs further seek relief under § 1983 for deprivation of their rights under the First, Fifth, and Fourteenth Amendments when, in *March 2015,* Defendants Wolff and the City of Evergreen refused to allow them to speak at a City Council meeting. (Id.). According to Plaintiffs, the "final blow" to the project came in *May 2015*, when Defendant Skipper pulled a gun on Plaintiff Miller. (Doc. 25 at 8). None of the evidence presented by Plaintiffs, nor their allegations, alters the fact that Plaintiffs' federal claims are time-barred.

In response to Defendants' arguments that their federal claims are untimely, Plaintiffs counter, in a conclusory fashion, that their claims are saved by the doctrine of equitable tolling and Alabama Code, § 6-2-3. However, neither Plaintiffs' evidence

nor their arguments support the application of tolling to the instant case. (Doc. 38 at 6-8; Doc. 39 at 2).

Under the doctrine of equitable tolling, a court can "pause a statutory time limit when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." Ball v. McCoullough, 2018 U.S. Dist. LEXIS 9590, *9, 2018 WL 497068, *4 (N.D. Ala. Jan. 22, 2018)(internal quotation marks omitted)(quoting California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc., 137 S. Ct. 2042, 2050-51 (2017)(citing Lozano v. Montoya Alvarez, 134 S. Ct. 1224, 1231-32 (2014)); see also Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 755 (2016) ("[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"). "Equitable tolling is an extraordinary remedy which courts are only to apply sparingly." Ball, 2018 U.S. Dist. LEXIS 9590, *9, 2018 WL 497068 at *4 (citing Horsley v. Univ. of Alabama, 564 Fed. Appx. 1006, 1009 (11th Cir. 2014)(noting that the Eleventh Circuit has narrowly defined extraordinary circumstances that warrant equitable tolling and "that equitable tolling typically requires some affirmative misconduct, such as fraud, misinformation, or deliberate concealment")). "An untimely section 1983 claim is properly

15

dismissed when the plaintiff fails to assert exceptional circumstances." Cliatt v. Phenix City, Ala., 2008 U.S. Dist. LEXIS 103766, *15, 2008 WL 5397602, *4 (M.D. Ala. 2008) (citing Rutledge v. Tew, 2007 WL 1771385, *1 (M.D. Ala. 2007)).

In this action, Plaintiff Miller asserts that he suffered from a coronary problem that made him incompetent to make business decisions for fourteen months prior to his heart surgery in February 2016 (*i.e.*, beginning in December 2014)(Doc. 25 at 9). In support of his argument, Miller submits a letter written by his physician, Dr. Beverly Carraway Handley, M.D., on May 5, 2017. (Doc. 25 at 9; Doc. 25-17 at 1). In the letter, Dr. Handley states that Miller underwent coronary bypass surgery on February 24, 2016, and that, in her opinion, he had been unable to conduct "normal business affairs" and "decision making" for fifteen months preceding *the date of the [May 5, 2017]letter*, and "*may have been* unable to respond appropriately to normal demands and responsibilities" during said period, and that he resumed normal cognitive functioning on April 30, 2017. (Doc. 25-17 at 1) (emphasis added). In other words, Dr. Handley opined that Plaintiffs' judgment may have been impaired from February 5, 2016, to April 30, 2017, which is *after* the last date of any alleged misconduct by Defendants related to Plaintiffs' federal claims. Thus, even if Plaintiff Miller suffered from a medical condition which diminished, in some fashion, his decision-making ability for

a period of time *after* his cause of action accrued, he has failed

to show how that fact would warrant the application of equitable

tolling in the instant case, particularly since he could have

diligently pursued his rights before the alleged onset of his

alleged disability.[8]

Next, the Court turns to Plaintiffs' tolling argument based

on Alabama Code, § 6-2-3. This statute provides that:

> In actions seeking relief on the ground of
> fraud where the statute has created a bar, the
> claim must not be considered as having accrued
> until the discovery by the aggrieved party of
> the fact constituting the fraud, after which
> he must have two years within which to
> prosecute his action.

Plaintiffs argue that Defendants kept records and documents

from them that prevented them from discovering their cause of

action. In support of this argument, Plaintiffs reference requests

for records made by their counsel to the City of Evergreen *from*

*May 2017* to *January 2018*, which Plaintiffs argue were denied.

(Doc. 38 at 6-7; Doc. 38-1 at 1-10). Aside from the obvious

---

[8] In addition, as Defendants point out, Alabama Code, § 6-2-8
provides that, if a person is, "*at the time the right accrues,*
below the age of 19 years, *or insane*, he or she shall have three
years, or the period allowed by law for the commencement of an
action if it be less than three years, after the termination of
the disability to commence an action." Ala. Code (1975), § 6-2-8
(emphasis added). Plaintiff Miller has neither argued nor shown
that he was insane during the period in question such that § 6-2-
8 would apply to toll the statute of limitations in this case. In
fact, at the time Miller's causes of action accrued (in 2013 and
2015), Dr. Handley does not even suggest that Miller was affected
by any impairment. (Doc. 25-17 at 1).

problem that these document requests occurred several years after Plaintiffs' federal causes of actions accrued in 2013 and 2015, Plaintiffs have failed to point to any specific evidence of fraudulent concealment by Defendants that prevented them from discovering their cause of action in December 2013 when Defendants confiscated their property in the Gerber building; in March 2015 when Defendants refused to allow them to speak at the City Council meeting; or in May 2015 when Defendant Skipper pulled a gun on Miller. Therefore, Plaintiffs' tolling argument based on Alabama Code, § 6-2-3 likewise fails.

Accordingly, based on the foregoing, Plaintiffs' tolling arguments are unavailing, and the Court hereby **GRANTS** Defendants' motions for summary judgment on Plaintiffs' federal claims (Counts I, II, III, IV, and VII) because they are time barred.

**B. Supplemental Jurisdiction over State-Law Claims.**

Under 28 U.S.C. § 1367(a), federal courts have "the power to exercise supplemental jurisdiction over all claims that arise out of a common nucleus of operative facts with a substantial federal claim." Gibson v. York, 569 Fed. Appx. 810, 812 (11th Cir. 2014) (quoting Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta, 701 F.3d 669, 678 (11th Cir. 2012)). However, the Eleventh Circuit "encourage[s] district courts to dismiss any remaining state claims when the federal claims have all been dismissed prior to trial." Id. (citing Raney v. Allstate Ins.

Co., 370 F.3d 1086, 1089 (11th Cir. 2004) ("[t]he decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. . . . . We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); Ford v. Ocwen Loan Servicing, LLC, 2012 U.S. Dist. LEXIS 11224, *6, 2012 WL 280642, *2 (S.D. Ala. 2012) ("[C]ase law is legion for the proposition that district courts must be circumspect about wielding their discretion to exercise supplemental jurisdiction under 28 U.S.C. § 1367 after all original-jurisdiction claims have been dismissed, particularly in the early stages of a case"); Weaver v. James Bonding Co., 442 F. Supp. 2d 1219, 1229 n.13 (S.D. Ala. 2006) ("Judges in this District have routinely declined supplemental jurisdiction" after dismissal of all federal claims). Nevertheless, "declining to exercise supplemental jurisdiction is not a kneejerk action once all federal claims are dismissed; rather, the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." Doe v. City of Demopolis, 799 F. Supp. 2d 1300, 1317 (S.D. Ala. 2011) (citations and internal quotation marks omitted); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy,

convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims").

In the case at hand, the relevant factors weigh in favor of declining to exercise supplemental jurisdiction. Specifically, this case is still in the early stages. To date, discovery has been limited, and no Rule 16 scheduling order has been entered. Moreover, with regard to the merits of Plaintiffs' state law claims, this Court is "no better situated than any other tribunal to adjudicate this matter." Ford, 2012 U.S. Dist. LEXIS 11224 at *6 n.3, 2012 WL 280642 at *2 n.3. "[G]iven that state courts are better equipped than federal courts to decide state-law issues, if anything the interests of judicial economy would be disserved by the exercise of supplemental jurisdiction here." Id. "Both comity and economy are served when issues of state law are resolved by state courts." Id.

Accordingly, the undersigned finds that, under the circumstances of this case, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismiss those claims without prejudice so that they can be litigated in state court.[9] See Austin v. City of Montgomery, 196

_____

[9] The undersigned observes that any statute of limitations concerns are alleviated by Congress's pronouncement that, when a court declines to exercise supplemental jurisdiction, any state limitations period "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed." 28 U.S.C. § 1367(d).

Fed. Appx. 747, 754 (11th Cir. 2006) ("When a court declines to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court.").

   C. **Plaintiffs' Motion to Amend the Complaint**.

     As previously discussed, Plaintiffs filed the present action on July 6, 2018. (Doc. 1). Defendants the City of Evergreen, the City Council, and Mayor Wolff filed a motion to dismiss on August 29, 2018. (Doc. 11). After briefing was completed, Plaintiffs requested leave to amend their complaint, which the Court allowed on October 16, 2018. (Doc. 25). On October 23, 2018, Defendants filed a motion to dismiss the second amended complaint.[10] (Doc. 29). After briefing on the second motion to dismiss was completed, Plaintiffs again sought to amend their complaint on November 20, 2018, stating that the proposed amendment would "not involve the adding of new claims nor . . . raise any new legal theory," that "good cause for amending the Complaint [was] immediately apparent" and that "Defendants [would] in no way be prejudiced." (Doc. 43 at 2). Notwithstanding their conclusory arguments, Plaintiffs

_____

[10] On November 26, 2018, and January 31, 2019, Defendants Skipper and Etheridge also filed motions to dismiss. (Docs. 45, 69). As previously noted, the Court has converted all of the Defendants' motions to dismiss to motions for summary judgment. (Doc. 54).

have failed to cite any "good cause" warranting another opportunity to amend the complaint. To the contrary, Plaintiffs state only that they intend to remove the § 1985 claim (which the Court has dismissed, *supra*, because of the absence of any allegations that would support such a claim), and Plaintiffs state that they intend to dismiss the Evergreen City Council as a Defendant. (Doc. 43 at 3). In addition, as Defendants point out, Plaintiffs failed to attach the proposed amended complaint to their motion as required by Local Rule 15.

"Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard v. Board of Regents, 342 F.3d 1281, 1286-87 (11th Cir. 2003) (citations and internal brackets and quotation marks omitted); see also Hall v. United Ins. Co., 367 F.3d 1255, 1263 (11th Cir. 2004) ("denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal"); Hall v. HSBC Mortgage Servs., Inc., 581 Fed. Appx. 800, 802 (11th Cir. 2014) ("the district court did not err in determining that Hall's proposed amendments to the complaint would be futile. Hall's amended complaint would still be subject to dismissal for failure to state a claim, and the district court was not required to waste its time allowing Hall to file a legally insufficient pleading."); St. Charles Foods, Inc. v. America's

<u>Favorite Chicken Co.</u>, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail.").

As discussed, Plaintiffs' federal claims are time barred.  In seeking leave to amend the complaint a second time, Plaintiffs have alleged no facts nor proffered any argument that would alter that set of circumstances.  (Doc. 43).  Furthermore, the Court has declined to exercise supplemental jurisdiction over Plaintiffs' state law claims.  Accordingly, any further amendment to the complaint would be futile and would result in undue and unnecessary delay and prejudice to Defendants.  Accordingly, Plaintiffs' motion for leave to file a second amended complaint (Doc. 43) is hereby **DENIED**.

**VI.  CONCLUSION**

Based on the foregoing, Defendants' motions for summary judgment (Docs. 29, 45, 69), are **GRANTED, in part, and DENIED, in part**, as follows:

Defendants' motions for summary judgment on Plaintiffs' federal claims (Counts I, II, III, IV, and VII) are **GRANTED**, and those claims are **DISMISSED, with prejudice.** The Court declines to exercise supplemental jurisdiction over the remaining state law claims (Counts V, VI, VIII, IX, X, XI, XII, and XIII), and those claims are hereby **DISMISSED, without prejudice.**

Further, Plaintiffs' motion for leave to file a second amended complaint (Doc. 43) is **DENIED.**

Last, Defendants' motion to stay discovery (Doc. 31) is **MOOT.**

**DONE** this **12th** day of **July, 2019.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
